# In the United States Court of Federal Claims

No. 09-857C

(Filed: January 11, 2010)

_____

ELECTRONIC DATA SYSTEMS, LLC,

        Plaintiff,

v.

THE UNITED STATES,

        Defendant,

  and

BAE SYSTEMS INFORMATION
TECHNOLOGY INC.,

        Defendant-Intervenor.

_____

**ORDER**

_____

On January 6, 2010, Electronic Data Systems, LLC (EDS or plaintiff) filed a motion to admit the declaration of an EDS official into the evidentiary record in this case or, in the alternative, to supplement the administrative record to accomplish the same. It asserts that the cited declaration goes to the issue of prejudice for it describes how plaintiff allegedly would have modified its final proposal had the Department of the Treasury conducted "meaningful discussion" with it. Pursuant to court order, on January 8, 2010, the United States (defendant) and BAE Systems Information Technology, Inc. (BAE or defendant-intervenor) filed separate oppositions to plaintiff's motion.

A review of the declaration reveals that, as contended by plaintiff, it does not concern, at least directly, the agency's decisionmaking process, but rather goes to the issue whether EDS was harmed or prejudiced by the errors claimed. The declaration, accordingly, is not in the nature of a supplementation of the administrative record, so as to be subject to the skepticism appropriately associated with such supplementation. *See, e.g.*, *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379-81 (Fed. Cir. 2009); *see also Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000), *aff'd*, 398 F.3d 1342 (Fed. Cir. 2005). Rather, the declaration comes under the more

liberal rule that applies to outside evidence of prejudice.  *See*, *e.g.*, *Bannum, Inc. v. United States*, 404 F.3d 1346, 1353-54 (Fed. Cir. 2005).  Indeed, both before and after *Axiom*, such evidence has been considered by this court and the Federal Circuit.  *See Gentex Corp. v. United States*, 58 Fed. Cl. 634, 649 (2003); *see also OMV Med., Inc. v. United States*, 219 F.3d 1337, 1342 (Fed. Cir. 2000) (considering such evidence in examining precedent); *see generally, Planetspace, Inc. v. United States*, 2009 WL 3808619, at *3 (Fed. Cl. Oct. 26, 2009) (discussing the impact of *Axiom* on evidence concerning prejudice).  Accordingly, the court will consider the declaration in question in assessing prejudice or irreparable harm here.

     Plaintiff also seeks leave to modify its declaration to include the answer to a question it wishes to pose to the same EDS official.  That question, however, covers matter protected by the protective order.  In the court's view, such a question is inappropriate and, accordingly, the court will not permit plaintiff to modify its declaration in the fashion requested.

     Based on the foregoing, plaintiff's motion is **GRANTED**, in part, and **DENIED**, in part.  The declaration in question shall be considered part of the evidentiary record in this case.

     **IT IS SO ORDERED**.

                                                           s/ Francis M. Allegra
                                                           Francis M. Allegra
                                                           Judge